UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:08-cr-00132-SEB-TAB-12 |
| ) | |
| PATRICK JANSEN, ) | |
| ) | |
| Defendant. ) | |

**Entry Granting Motion for Compassionate Release**

On July 8, 2020, defendant Patrick Jansen, an inmate at FCI Fort Dix, filed an emergency motion for compassionate relief pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Dkt. 1298. Mr. Jansen asks the Court to reduce his sentence to time served and to immediately release him due to the health risks arising from the COVID-19 pandemic. The Court appointed present counsel to this case effective July 16, 2020. Dkt. 1299. Mr. Jansen, through counsel, filed a brief in support of his Motion with the Court on October 22, 2020. Dkt. 1316. The United States responded on November 13, 2020, and Mr. Jansen filed a reply on November 20, 2020. Dkt. 1329; dkt. 1331. The Government concedes that Mr. Jansen has exhausted his administrative remedies for purposes of 18 U.S.C. § 3582(c)(1)(A). Dkt. 1329 at 9. The motion for compassionate release is ripe for the Court's consideration. For the reasons explained in this Order, the motion is **granted**.

### I. Background

On May 20, 2009, Mr. Jansen pled guilty to three counts of conspiracy to advertise child pornography, in violation of 18 U.S.C. §§ 2251(d)(1)(A) and (e), and three counts of conspiracy to distribute child pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1). Dkt. 346. When he pled guilty, Mr. Jansen stipulated that he was a member of a child pornography website known

as "The Cache," and later "The Cache-2." Dkt. 712. He viewed, posted, and commented on videos or images of child pornography on those websites. *Id.*

The Court sentenced Mr. Jansen to 180 months imprisonment at the Bureau of Prisons ("BOP") followed by lifetime supervision upon his release. Dkt. 573. He has served over eleven years in prison, that is, more than 75% of his sentence. His release date is currently scheduled for December 15, 2021, and he is eligible for home detention on June 15, 2021. Dkt. 1316-2 at 2.

Mr. Jansen has complied successfully with the terms of his imprisonment and utilized opportunities for self-improvement at FCI Fort Dix. He has a clear disciplinary record and is considered by the BOP to be a low risk for recidivism. Dkt. 1316-6; dkt. 1316-9. While incarcerated, Mr. Jansen has earned an Associates Degree in Occupational Studies, completed the Release Preparation Program, and maintained employment. Dkt. 1316 at 24. The Government notes that Mr. Jansen has not participated in a sex offender treatment program, but no doubt that is due to there being no such programming offered at Fort Dix. Dkt. 1329 at 8. He is 39 years of age and, upon his release, Mr. Jansen plans to live with his father in Lockport, New York. *Id.*

FCI Fort Dix is experiencing a significant outbreak of COVID-19. The BOP's website shows that 421 inmates are currently positive for COVID-19 at FCI Fort Dix.[1] Mr. Jansen is obese which, according the CDC guidelines, places him at a higher risk of severe illness from COVID-19.[2]

---

[1] https://www.bop.gov/coronavirus/ (Last visited Nov. 24, 2020).
[2] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (Last visited Nov. 24, 2020).

## II. Discussion

Mr. Jansen argues that his increased risk of severe illness or death from COVID-19 creates an "extraordinary and compelling reason" justifying his compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Dkt. 1316 at 19-21. He further argues that a reduction of his sentence would not create a danger to the community or be inconsistent with the sentencing factors in 18 U.S.C. § 3553. *Id.* at 22-24.

In response, the Government acknowledges that obesity is considered a "serious medical condition" that has been linked to risk of severe COVID-19 symptoms but argues that Mr. Jansen has not established an "extraordinary and compelling" reason for his immediate release. Dkt. 1329 at 16. The Government further argues that Mr. Jansen waived his right to seek early release, that his early release would present a danger to the community, and that his early release would be inconsistent with the sentencing factors in 18 U.S.C. § 3553. *Id.* at 16-17.

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Under one exception to this rule, a court may reduce a sentence upon finding there are "extraordinary and compelling reasons" warranting a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Before the First Step Act was enacted on December 21, 2018, only the Director of the BOP could file a motion for a sentence reduction based on "extraordinary and compelling reasons." Now, a defendant is also permitted to file such a motion after exhausting administrative remedies. *See* First Step Act of 2018, Pub. L.N. 115-391, 132 Stat. 5194, 5239 (2018). The amended version of the statute states:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions

>that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>>(i) extraordinary and compelling reasons warrant such a reduction; or
>>
>>(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
>and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). It directed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id.* Before passage of the First Step Act, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3582(c). U.S.S.G. § 1B1.13.

Section 1B1.13 sets forth the following list of considerations. First, whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, consideration of the sentencing factors in 18 U.S.C. § 3553(a), "to the extent they are applicable." U.S.S.G. § 1B1.13.

4

As for the first consideration, Subsections (A)-(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling": (A) terminal illness diagnoses or serious conditions from which a defendant is unlikely to recover and which "substantially diminish[]" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence, whichever is less; or (C) certain family circumstances (the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner). U.S.S.G. § 1B1.13, Application Note 1(A)–(C). Subsection (D) adds a catchall provision for "extraordinary and compelling reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)," "[a]s determined by the Director of the Bureau of Prisons." *Id.*, Application Note 1(D).

The policy statement in § 1B1.13 addresses only motions filed by the Director of the BOP. *Id.* ("Upon the motion of Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment . . . )." It has not been updated since the First Step Act amended § 3582(c)(1)(A) to address motions filed by prisoners. As a result, the Sentencing Commission has not yet issued a policy statement "applicable" to motions filed by prisoners. *United States v. Gunn*, __ F. 3d __, 2020 WL 6813995, at *2 (7th Cir. Nov. 20, 2020). And, in the absence of an applicable policy statement, the portion of § 3582(c)(1)(A) requiring that a reduction be "consistent with the applicable policy statements issued by the Sentencing Commission" does not limit a district court judge's discretion. *Id.* Nonetheless, the Commission's analysis in § 1B1.13 can serve to guide a court's discretion without being conclusive. *Id.* As for motions brought under the "catchall" provision in Subsection (D), district judges should give the Director of the BOP's

analysis substantial weight (if he has provided such an analysis), even though those views are not controlling. *Id.*

Accordingly, the Court is to evaluate motions brought under the "extraordinary and compelling" reasons prong of § 3582(c)(1)(A) with due regard for the guidance provided in § 1B1.13 by deciding: (1) whether a defendant has presented an extraordinary and compelling reason warranting a sentence reduction; (2) whether the defendant presents a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) whether the applicable sentencing factors in § 3553(a) favor granting the motion. Before examining these issues, however, we shall address the Government's argument that Mr. Jansen waived any entitlement to request a sentence reduction under § 3582.

**A. Waiver**

The United States contends that Mr. Jansen waived his right to seek a sentence modification based on the terms of his plea agreement. Dkt. 1329 at 16-17. In his plea agreement, Mr. Jansen agreed "not to contest his conviction or sentence or the manner in which it was determined in any collateral attack, including but not limited to, an action brought under Title 28, U.S. Code, Section 2255." Dkt. 343 at ¶ 14.

In other cases where a defendant signed a similar waiver and pled guilty before enactment of the First Step Act, this court has nonetheless consistently found that the defendant did not knowingly and voluntarily waive the right to file a compassionate release motion in district court because the right to file such a motion did not exist when the defendant agreed to the waiver. *See, e.g.*, *United States v. Rice*, No. 2:15-cr-19- JMS-CMM-10, dkt. 805, at 4–5 (S.D. Ind. Sept. 24, 2020) (denying motion to dismiss on basis of plea waiver); *United States v. Ayers*, No. 1:17-cr-255-TWP-TAB-01, dkt. 60 at 2–3 (S.D. Ind. Sept. 24, 2020) (same). By contrast, when a defendant

6

has signed his plea waiver and pled guilty after enactment of the First Step Act, we have determined that the plea waiver controls. *See United States v. Egebrecht*, 2:17-cr-0007-JRS-CMM-01, dkt. 72 (S.D. Ind. June 29, 2020); *United States v. Harris-Harden*, No. 1:18-cr-211-JPH-TAB-1, dkt. 77 (S.D. Ind. Sept. 22, 2020).

Clearly, Mr. Jansen signed his waiver and pled guilty well before enactment of the First Step Act. Thus, we hold that he did not knowingly and voluntarily waive the right to file a compassionate release motion. Accordingly, we shall proceed to consider the merits of Mr. Jansen's motion.

### B. Extraordinary and Compelling Reasons

Mr. Jansen does not suggest that Subsections (A)-(C) of Application Note 1 to § 1B1.13 provide him with an extraordinary and compelling reason warranting release. Instead, he seeks to avail himself of the Court's broad discretion to find an extraordinary and compelling reason warranting release in this case.[3]

The COVID-19 pandemic is plainly a serious public health crisis affecting every aspect of society. Most courts have concluded that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3rd Cir. 2020); *United States v. Dickson*, No. 1:19-cr-251-17, 2020 WL 1904058, at *3 (N.D. Ohio Apr. 17, 2020) (same). *See also United States v. Eberhart*, No. 13-cr-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for

---

[3] Mr. Jansen submitted an administrative request for relief to his warden, *see* dkt. 1316-3, but the record does not show that the warden ever responded or took a position as to whether extraordinary and compelling reasons exist in this case. As a result, there is no opinion from the BOP to which the Court must attribute weight or deference.

extraordinary and compelling reasons."). However, many other courts have permitted a prisoner to show an "extraordinary and compelling reason" warranting a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) by demonstrating that the defendant is at an increased risk of severe illness from COVID-19 due to preexisting chronic medical conditions. *E.g. United States v. Howard*, No. 4:15-cr-00018-BR, 2020 WL 2200855 (E.D.N.C. May 6, 2020) (granting release based on "chronic obstructive pulmonary disease ('COPD'), Type II diabetes, obesity, Stage 3 kidney disease, edema, open wounds on his legs, and a diaphragmatic hernia" even though these conditions did not prevent him the prisoner from engaging in most of his daily activities without assistance); *United States v. Joling*, 466 F. Supp. 3d 1141 (D. Ore. 2020) (granting compassionate release based on "hypertension, atherosclerosis, a history of transient ischemic attacks, dyslipidemia, obesity, history of left lower extremity fracture" and diagnosis of "prostatic adenocarcinoma").

The Government cites Mr. Jansen's relative youth in arguing that he does not require medication for obesity, that he is less likely to suffer severe complications from COVID-19 and that he, therefore, has not shown an extraordinary and compelling reason for immediate release. But the CDC has determined that obese adults, regardless of their age, are at higher risk of experiencing severe symptoms should they contract COVID-19. And the CDC guidelines do not specify that obese individuals who are not on medication are at a lower risk for severe complications. Mr. Jansen was also a long-term smoker before his incarceration, and the CDC has determined that being a former smoker increases the risk of suffering severe COVID-19 symptoms.[4]

---

[4] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (Last visited Nov. 24, 2020).

In light of Mr. Jansen's undisputed obesity, the significant outbreak of COVID-19 at FCI Fort Dix, the CDC guidelines regarding individuals at an increased risk of severe illness from COVID-19, along with the brief period of incarceration remaining under the terms of Mr. Jansen's sentence, the Court finds that Mr. Jansen has demonstrated an extraordinary and compelling reason warranting a sentence reduction. We note that the Government frequently concedes that having a CDC-identified COVID-19 risk factor satisfies the "extraordinary and compelling" prong of § 3582(c)(1)(A)(i), even when the defendant is not limited in providing self-care and, thus, does not qualify under subsection (A). *See, e.g.*, *United States v. Finan*, No. 1:17-cr-87-TWP-MJD-1, dkt. 145 at 13 (S.D. Ind. June 23, 2020) ("Therefore, because [the defendant] has established that he has a CDC-identified COVID-19 risk factor, the government does not contest that he has satisfied the 'extraordinary and compelling reason' prong of section 3582(c)(1)(A)(i)."); *United States v. Elmer,* No. 1:17-cr-113-JRS-TAB, dkt. 247 at 7 (S.D. Ind. June 17, 2020) ("[The defendant's] diabetes, during the COVID-19 pandemic, presents an extraordinary and compelling reason allowing for compassionate release.").

### C. Danger to any Other Person or the Community

The Sentencing Guidelines provide that compassionate release is appropriate only where the "defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Section 3142(g) sets out the factors the Court must consider in determining whether a defendant should be detained pending trial. These same factors guide our release determination at this juncture as well:

> **(g) Factors to be considered.**—The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--
> **(1)** the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal

9

>   >   crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>   >
>   > **(2)** the weight of the evidence against the person;
>   >
>   > **(3)** the history and characteristics of the person, including--
>   >
>   >   >   **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>   >   >
>   >   >   **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>   >
>   > **(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The Government maintains that Mr. Jansen's early release from prison does pose a danger to public safety because he has not participated in or otherwise received sexual offender treatment, increasing his risk of reoffending. As the Government concedes, however, sexual offender treatment is not available to prisoners housed at Fort Dix. Whether Mr. Jansen is released now or when he becomes eligible for home detention in June 2021, it is true that he will not have completed this treatment, but through no fault of his own. The BOP has determined that Mr. Jansen is nonetheless at a low risk for recidivism, and he has maintained a clear disciplinary record throughout his more than eleven years of incarceration. He has obtained an Associates Degree while in prison and has already begun searching for available employment near his father's home where he plans to live upon release. These circumstances promise a level of stability that will facilitate his law-abiding re-entry to society with a peaceful assimilation into the community.

Accordingly, pursuant to § 3142(g), the Court finds that Mr. Jansen's release does not pose a danger to any other person or the community if his sentence is reduced to time served, thus allowing for his immediate release.

### D. Section 3553(a) Factors

Finally, the Government argues that the § 3553(a) factors do not favor early release due to the seriousness of Mr. Jansen's offense. Dkt. 1329 at 27-29. Section 3553(a) provides:

> **(a) Factors to be considered in imposing a sentence.**—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
> > **(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;
> > **(2)** the need for the sentence imposed—
> > > **(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> > > **(B)** to afford adequate deterrence to criminal conduct;
> > > **(C)** to protect the public from further crimes of the defendant; and
> > > **(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> > **(3)** the kinds of sentences available;
> > **(4)** the kinds of sentence[s] and the sentencing range established for--
> > > **(A)** the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines [issued by the Sentencing Commission . . . ;]
> > **(5)** any pertinent policy statement guidelines [issued by the Sentencing Commission . . . ;]
> > **(6)** the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> > **(7)** the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The Court agrees with the Government that Mr. Jansen's criminal conduct giving rise to this prosecution was very serious. But Mr. Jansen has been in custody since his conviction for more than eleven years, which by any measure is a significant sanction. The presentence investigation report indicates that Mr. Jansen was a low level participant in the charged conspiracy. PSR at 14-15. Mr. Jansen also accepted responsibility for his crimes by pleading guilty. We credit highly the fact Mr. Jansen has not accrued any disciplinary violations while in custody, apparently using his time constructively by completing an advanced educational degree

11

as well as a reentry program and by working as a Unit Orderly for eight years. Dkt. 1316 at 23. Offsetting concerns based on the nature of his criminal conduct is the fact that Mr. Jansen will be subject to lifetime supervision by the probation department of the court, which is both a continuing sanction and hopefully a general deterrent to future criminal conduct.

Considering the risk of severe illness or death Mr. Jansen faces from COVID-19, the prevalence of confirmed COVID-19 cases at his facility, and the brief period of incarceration remaining under the terms of his sentence, further incarceration would be greater than necessary to serve the purposes of punishment set forth in § 3553(a)(2). The Court therefore holds that the applicable § 3553(a) factors support Mr. Jansen's request for compassionate release.

### III. Conclusion

Pursuant to 18 U.S.C. § 3582(c), for the reasons explicated above, the Court finds that extraordinary and compelling reasons warrant a reduction of Mr. Jansen's sentence and his immediate release from imprisonment. We further conclude that Mr. Jansen does not pose a danger to any other person or the community under the conditions of release, that the § 3553(a) factors support a reduction, and that his release from imprisonment is consistent with the Sentencing Commission's policy statements.

Therefore, the Court **GRANTS** Mr. Jansen's Motion for Compassionate Release, dkt. [1298], **ORDERS** that Mr. Jansen's sentence of imprisonment be reduced to **time served as of November 30, 2020,** and further **ORDERS** the BOP to release Mr. Jansen by **4:00 p.m. on November 30, 2020.** Counsel for the United States is **ORDERED** to transmit the AO248 Order to Mr. Jansen's custodian no later than 4:00 p.m. on November 27, 2020.

**Mr. Jansen remains subject to supervised release for life.** The terms of supervised release imposed in the November 6, 2009, Judgment and Commitment Order remain as imposed and in effect, with the following additional conditions:

Mr. Jansen is ORDERED to comply with any period of quarantine due to the COVID-19 pandemic as directed by medical staff and/or any state or local health authority.

**IT IS SO ORDERED.**

Date: 11/25/2020

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel